JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS<br>Hylton | DEFENDANTS<br>AmeriFinancial Solutions, LLC, et al. |
|---|---|
| (b) County of Residence of First Listed Plaintiff   **Philadelphia, PA**<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   **Baltimore, MD**<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Kalikhman & Rayz, LLC<br>1051 County Line Road Suite A Huntingdon Valley, PA 19006<br>(215) 364-5030 | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*   Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.
Brief description of cause:
Violation of federal consumer protection statute

**VII. REQUESTED IN COMPLAINT:**   ☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.   DEMAND $ _____   CHECK YES only if demanded in complaint:   JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   5/22/18
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Rd., Suite "A" Huntingdon Valley, PA

Address of Defendant: P.O. Box 65018 Baltimore, MD 21264-5018

Place of Accident, Incident or Transaction: Philadelphia County
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) 15 U.S.C. § 1692 et seq.

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Arkady "Eric" Rayz, Esq._____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 5/22/2018    _____    87976
                   Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/22/2018    _____    87976
                   Attorney-at-Law    Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Hylton                                                                                          :           CIVIL ACTION
                                                                                                :
                          v.                                                                    :
                                                                                                :
AmeriFinancial Solutions, LLC, et al.                                                           :           NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                          (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.              ( )


    5/22/2018                         _[signature]_                              Plaintiff
    **Date**                          **Attorney-at-law**                        **Attorney for**

   (215) 364-5030                     (215) 364-5029                             erayz@kalraylaw.com
   **Telephone**                      **FAX Number**                             **E-Mail Address**


(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IONIE HYLTON, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s)<br><br>v.<br><br>AMERIFINANCIAL SOLUTIONS, LLC d/b/a AFS; AFS; and DOES 1 through 10, inclusive,<br><br>Defendant(s) | <br><br><br><br><br><br>Civil Action No.<br><br>Jury Trial Demanded |

Ionie Hylton ("Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## I.   INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. In effectuating the FDCPA, Congress sought to limit the tactics a debt collector could use. Despite these plain truths, Defendant (defined herein) used inappropriate tactics to collect Plaintiff's debt.

3. Upon information and belief, Defendant used these very same tactics across the Commonwealth of Pennsylvania against hundreds, if not thousands, of individuals who, fall within the ambit of the protections of the FDCPA.

4. Absent this action, Defendant's inappropriate tactics would continue unabated.

5. Indeed, as set forth below in detail, Defendant has continued its illegal tactics despite a recent court order, asserting that Defendant's actions violate the FDCPA.

## II. THE PARTIES

6. Plaintiff is an adult individual, who is currently a resident of the Commonwealth of Pennsylvania.

7. Plaintiff is a "consumer," as that term is defined and/or contemplated within the scope of FDCPA.

8. Defendant AmeriFinancial Solutions, LLC d/b/a AFS is a commercial entity that regularly conducts business in the Eastern District of Pennsylvania, is engaged in the business of debt collection within the Commonwealth of Pennsylvania, and may be served at P.O. Box 65018 Baltimore, MD 21264-5018.

9. Indeed, on its own website, Defendant describes itself as follows:



See http://www.amerifinsol.com/, last visited on May 22, 2018.

10. Defendant AFS is a commercial enterprise engaged in the business of debt

collection within the Commonwealth of Pennsylvania and/or is a fictitious name utilized by Defendant AmeriFinancial Solutions, LLC in the business of debt collection within the Commonwealth of Pennsylvania, and may be served at P.O. Box 65018 Baltimore, MD 21264-5018.

11. Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

12. Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each Defendant.

13. Defendant is a "debt collector," as that term is defined and/or contemplated within the scope of FDCPA.

14. Defendant uses instrumentalities of interstate commerce and mail in a business, whose principal purpose is collection of debts and/or regularly collects (or attempts to collect), directly or indirectly, debts owed or due or asserted to be owed or due another.

15. At all times material hereto, Defendant acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendant.

### III. JURISDICTION AND VENUE

16. This Honorable Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28

U.S.C. § 1337.

17. The Eastern District of Pennsylvania is the proper venue for this litigation, because:

    a. Plaintiff resides in the City of Philadelphia, which is in the territory of the Eastern District of Pennsylvania;

    b. Defendant's wrongful conduct was directed to and was undertaken within the territory of the Eastern District of Pennsylvania; and

    c. Defendant conducts a substantial portion of its business in the Eastern District of Pennsylvania.

## IV. STATEMENT OF CLAIMS

### A. BACKGROUND

18. On August 23, 2017, Plaintiff was involved in a motor vehicle accident that caused Plaintiff to suffer from various physical injuries.

19. Although Plaintiff's injuries were not life-threatening, immediately after the accident, Plaintiff went to Chestnut Hill Hospital ("Provider") for evaluation and medical treatment.

20. At the time of the accident, Plaintiff was covered by an automobile liability insurance policy, issued in the Commonwealth of Pennsylvania.

21. All automobile liability insurance policies in the Commonwealth of Pennsylvania include medical benefit coverage. See 75 Pa.C.S. §§ 1702, 7111.

22. On or about May 10, 2018, Defendant sent a letter to Plaintiff, written on behalf of the Provider, regarding Plaintiff's alleged obligation to pay the Provider for the above-referenced evaluation and treatment ("Demand Letter"). A true and correct copy of this

4

document (redacted for purposes of privacy) is marked and attached hereto as Exhibit "A."

23. At the time of Defendant's correspondence, the alleged obligation was in default.

24. Defendant's correspondence explicitly identifies $654.00 as the "Amount Due." See Exhibit "A."

25. Accordingly, Defendant's correspondence explicitly stated and/or otherwise implied that Plaintiff owed the "Amount Due" and that Defendant was entitled to collect that amount from Plaintiff. See Exhibit "A."

26. Indeed, by sending the Demand Letter, Defendant sought to collect the "Amount Due" from Plaintiff.

27. With respect to automobile insurance policies issued in the Commonwealth of Pennsylvania, the extent of liability for the cost of treatment received for an injury incurred in a motor vehicle accident is limited by the cost containment provisions of the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. § 1701 et seq.

28. The specific provision of the MVFRL, in relevant part, declares:

> [a] person or institution providing treatment, accommodations, products or services to an injured person for an injury covered by liability or uninsured and underinsured benefits or first party medical benefits . . . **shall not require, request or accept payment** for the treatment, accommodation, products or services in excess of 110% of the prevailing charge at the 75th percentile; 110% of the applicable fee schedule, the recommended fee or the inflation index charge; or 110% of the diagnostic-related groups (DRG) payment; whichever pertains to the specialty service involved, determined to be applicable in this Commonwealth under the Medicare program for comparable services at the time the services were rendered, or the provider's usual and customary charge, whichever is less.

75 Pa.C.S. § 1797(a)(emphasis supplied).

29. This cost containment provision, commonly known as the "Act 6 Reduction," has

5

been interpreted to mean that, "if Medicare makes any payment for a particular service, then reimbursement for purposes of automobile insurance will be limited to 110% of that amount." Hospital Association of Pennsylvania, Inc. v. Foster, 629 A.2d 1055, 1057-8 (Pa. Cmwlth. 1993); see also Pittsburgh Neurosurgery Associates, Inc. v. Danner, 733 A.2d 1279 (Pa. Super. 1999).

30. Here, the alleged "Amount Due" that Defendant sought to collect – $654.00 – is the total outstanding balance claimed by the Provider, without application of the Act 6 Reduction.

31. In fact, neither the Provider nor the Defendant even attempted to re-calculate the "Amount Due" to determine what the Provider may ask for, much less is entitled to receive, under the MVFRL.

32. Indeed, the actual amount that the Provider is entitled to under the MVFRL is significantly less than the "Amount Due" stated in Defendant's correspondence.

33. As the Demand Letter demonstrates, Defendant was clearly acting on the Provider's behalf.

34. The MVRFL explicitly forbids Provider and, correspondingly, anyone acting on Provider's behalf, to "require, request or accept payment" of more than the statute allows. 75 Pa.C.S. § 1797(a).

35. Section 1692f(1) of the FDCPA specifically prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

36. As described herein, Defendant's actions violated the applicable provisions of the

6

FDCPA, in that, Defendant explicitly claimed that Plaintiff owed an amount that was in excess of what its client – the Provider – was permitted by law to collect (or even ask for) under the MVFRL.

37. Moreover, it is believed and, therefore, averred that Defendant has no procedures to avoid collecting more than what is permitted under the MVFRL.

38. Accordingly, Defendant systematically and as a matter of practice, ignores the MVFRL and its Act 6 Reduction.

39. Further, upon information and belief, Defendant did nothing to investigate the entities or persons that hired, retained, or engaged Defendant to collect the alleged debt at issue in Plaintiff's Complaint, before first contacting Plaintiff.

40. Additionally, upon information and belief, Defendant has never made any inquiry or otherwise investigate the legitimacy or accuracy of Plaintiff's alleged debt, before first contacting Plaintiff.

41. Defendant, therefore, could not have reasonably relied upon the information provided to Defendant about the alleged debt at issue in Plaintiff's Complaint.

42. Moreover, Defendant's reliance on the information provided by the Provider was not reasonable or justified, as even a cursory review of Plaintiff's alleged obligation would have revealed that: (a) Plaintiff was covered by an automobile liability insurance policy issued in Pennsylvania; (b) the "Amount Due" that Defendant was being asked to collect is the total outstanding balance claimed by the Provider, without application of the Act 6 Reduction; and (c) Defendant was attempting to collect from Plaintiff more than what is allowed under Pennsylvania law.

43. Indeed, it appears that Defendant has deliberately ignored and/or willfully

7

avoided any investigation or inquiry of the underlying debt, as well as the entities or persons that hired, retained, or engaged Defendant to collect it.

44. In fact, Defendant regularly sends letters to individuals, who are covered by an automobile liability insurance policy issued in Pennsylvania, that seek payment of a balance without the Act 6 Reduction being applied.

45. Upon information and belief, Defendant has no procedures in place that are designed to avoid collecting more than what is permitted under the MVFRL.

46. Further, upon information and belief, Defendant has never attempted to apply the Act 6 Reduction to any balances it has sought to collect.

47. Defendant's conduct, as alleged herein, is (and was) deliberate, intentional, reckless, willful, and wanton.

48. Defendant's conduct, as alleged herein, is unfair, misleading, deceptive, and unconscionable.

49. Plaintiff and the members of the Class have been (and will continue to be) financially damaged due to Defendant's conduct, as set forth herein.

50. Plaintiff and the members of the Class have suffered and will continue to suffer actual damages due to Defendants' conduct, as set forth herein.

51. As such, Plaintiff avers that Defendant's conduct, as described herein, was not limited to the circumstances described herein, but was, and is, habitual, systematic, ongoing, and unrelenting in Defendant's business model and practice.

52. Plaintiff avers that the purpose of Defendant's behavior described herein (as well as their day-to-day business operation), is to deceive unsuspecting consumers, wherever and whenever possible, to achieve, *inter alia*, the objectives of obtaining additional revenue and

profit for Defendant's business enterprise.

53. Plaintiff avers that Defendant has utilized various methods calculated to confuse, mislead, distract, coerce, and convert consumers' funds for Defendant's benefit, by employing unethical business practices to secure pure financial gain and unjust financial enrichment.

54. Plaintiff further states that Defendant's practices continue unabated, and will continue well beyond the end of this case, for which Defendants have and/or will reap hundreds of thousands of dollars in unearned ill-gotten gains from unsuspecting consumers.

55. Irrespective of Plaintiff's and the Class members' actions, the aforementioned correspondence sent by Defendant to Plaintiff and members of the Class was false, misleading, and, at a minimum, in violation of the FDCPA.

## CLASS ACTION ALLEGATIONS

56. Plaintiff brings this action on behalf of herself and a class of similarly-situated individuals pursuant to Fed. R. Civ. P. 23.

57. Plaintiff brings this action as a class action for Defendant's violations of the FDCPA on behalf of the following class of individuals: All natural persons, who were sent a letter, substantially in the form represented by Exhibit "A" (the "Class"), concerning a debt for medical treatment or evaluation that were incurred following a motor vehicle accident, where no Act 6 Reduction was applied, during the statutory period covered by this Complaint.

58. The number of individuals in the Class is so numerous that joinder of all members is impracticable. The exact number of members of the Class can be determined by reviewing Defendant's records. Plaintiff is informed and believes and thereon alleges that there are over a hundred individuals in the defined Class.

59. Plaintiff will fairly and adequately protect the interests of the Class and have

retained counsel that is experienced and competent in class action and FDCPA litigation.  See, e.g., Magness v. Bank of America, N.A., et al., Docket No. 12-cv-6586 (Davis, J.)(final approval granted); Volyansky v. Hayt, Hayt & Landau, LLC, Docket No. 2:13-cv-03360 (McHugh, J.)(final approval granted); Ebner v. United Recovery Systems, LP, et al., Docket No. 14-cv-06881 (Beetlestone, J.)(final approval granted).

60.     Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

61.     A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

62.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, members of the Class likely will not obtain redress of their injuries, and Defendant will retain the proceeds of its violations of the FDCPA.

63.     Furthermore, even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

64.     There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole.  The questions of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action.  Among the

common questions of law and fact are:

      a. Whether Defendant is a "debt collector," as that term is defined under the FDCPA;

      b. Whether Defendant's correspondence is a "communication" as that term is defined under the FDCPA;

      c. Whether Defendant's correspondence is an attempt to collect a debt;

      d. Whether Defendant's correspondence violated the FDCPA; and

      e. Whether Plaintiff and the members of the Class have sustained damages and, if so, the proper measure of damages.

65. Plaintiffs' claims are typical of the claims of members of the Class.

66. Plaintiff and members of the Class have sustained damages arising out the same wrongful and uniform practices of Defendant.

67. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

### COUNT I
### FDCPA
### (On Behalf of the Class)

68. Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

69. Defendant is a "debt collector" as that term is defined under the FDCPA.

70. An attempt to collect upon a debt incurred during the course of personal medical treatment falls within the scope of the FDCPA. See Pipiles v. Credit Bureau, Inc., 886 F.2d 22 (2nd Cir. 1989); Adams v. Law Offices of Stuckert & Yates, 926 F.Supp 521 (E.D.Pa. 1996).

71. As described herein, the actions of Defendant violate state law and, thus, the

applicable provisions of the FDCPA. See Kojetin v. CU Recovery, Inc., 212 F.3d 1318 (8th Cir. 2000)(finding that a percentage-based collection fee violated the FDCPA when state law prohibited such a fee); Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994)(finding that a violation of state garnishment procedures was a violation of FDCPA); Flores v. Quick Collect, Inc., 2007 WL 433239 (D.Or. 2007)(finding that the use of illegal or improper state summons may constitute an "unfair or unconscionable means" to collect the debt under 15 U.S.C. § 1692f); Mejia v. Marauder Corp., 2007 WL 806486 (N.D.Cal. 2007)(holding that addition of extra interest to the underlying balance, which was above the state law limitation, was a violation of the FDCPA); Van Westrienen v. Americontinental Collection Corp., 94 F.Supp.2d 1087 (D.Or. 2000)(finding that a consumer established a violation of FDCPA where the debt collector threatened seizure or garnishment within five days of notice to consumer, contrary to a state-mandated waiting period).

72. Further, courts have also held that the FDCPA is violated when a defendant mischaracterizes the debt owed. See, e.g., Stanley v. Stupar, Schuster & Cooper, S.C., 136 F. Supp. 2d 957 (E.D. Wis. 2001)(holding that a collector's description of the amount of the debt as "$987.71, plus attorneys' fees" at the time when no attorneys' fees were owed violated the FDCPA).

73. Defendant's violations with respect to its collection efforts, include but are not limited to, seeking payment of an amount in excess of what Defendant was allowed to collect, in violation of 15 U.S.C. § 1692f(1), as well as 15 U.S.C. § 1692e(2)(prohibiting false, misleading, and/or deceptive statements concerning "the character, amount, or legal status of any debt") and 15 U.S.C. § 1692e(10)(prohibiting "false representation or deceptive means to collect or attempt to collect any debt").

74. As a result of Defendant's violations of the FDCPA, Plaintiff and the proposed Class has suffered damages in an amount to be determined at trial.

## V. CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

(a) Designation of this action as a class action pursuant to Fed. R. Civ. P. 23;

(b) Designation of Plaintiff as representative of the Class;

(c) Designation of Plaintiff's counsel as class counsel for the Class;

(d) A Declaration that Defendant has violated the applicable provisions of the FDCPA;

(e) An Order enjoining Defendant from any further violations of the FDCPA;

(f) Actual damages;

(g) Statutory damages;

(h) Attorneys' fees and costs; and

(i) Such other relief as the Honorable Court shall deem just and appropriate.

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

**(SIGNATURE ON THE NEXT PAGE)**

Date: <u>May 22, 2018</u>                             Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

_____
Arkady "Eric" Rayz, Esquire
Demetri A. Braynin, Esquire
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com
E-mail: dbraynin@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III, Esquire
Robert J. Gray, Esquire
2200 Renaissance Blvd., Suite 275
King of Prussia, PA 19406
Telephone: (610) 822-3702
Facsimile: (610) 822-3800
Email: gwells@cwglaw.com
Email: rgray@cwglaw.com

Counsel for Plaintiff(s) and the Proposed Class

# EXHIBIT "A"

P.O. Box 65018
Baltimore, MD 21264-5018

Page: 1 / 1

IONIE HYLTON

| Statement Date | 05/10/2018 |
|---|---|
| Service Rendered To | IONIE HYLTON |
| Account Number | |
| Date of Service | 08/23/2017 |
| Reference Number | |
| Debt Owed To | TRI-COUNTY EMERG. PHYS. LLC |
| Service Rendered At | CHESTNUT HILL HOSPITAL |
| Amount Due | $654.00 |

**PAYMENT INFORMATION. KEEP THIS PORTION FOR YOUR RECORDS.**

Date Paid _____ Amount Paid $_____ Balance $_____

102

## THIS BILL IS FOR THE PHYSICIAN, NOT THE HOSPITAL.

· You have been notified previously that the above referenced account has not been paid.

· To avoid additional collection efforts, you must pay the above balance.

· Make payment to AmeriFinancial Solutions, LLC using check or credit card upon receipt of this notice.

· Call 800-945-7184 if you are unable to pay the balance in full, would like to speak to an Account Representative or would like to make a payment over the phone using our free Pay by Phone system 24 hours a day 7 days a week.

· This client has authorized AmeriFinancial Solutions, LLC to report accounts to a national credit reporting agency.

· To pay online: www.PayAFS.com

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

**Return this portion with your payment.**

**Payment Instructions:**

☎ By Phone at 800-945-7184
🖱 Online at www.PayAFS.com

*Representatives Available to Answer Calls: 800-945-7184*
*Monday-Thursday 8am - 6pm, Friday 8am - 4:30pm EST*



Scan to Access our Mobile Payment Site

IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW

☐ MASTERCARD  ☐ VISA

| CARD NUMBER | | AMOUNT PAID |
|---|---|---|
| SIGNATURE | 3 OR 4 DIGIT CODE | CARD EXP. DATE |
| CARDHOLDER NAME | | ACCOUNT NUMBER |
| DEBT OWED TO TRI-COUNTY EMERG. PHYS. LLC | | AMOUNT DUE $654.00 |

Write your Account # and Phone # on your check.
Mail this stub in enclosed envelope.
Make checks payable to:
  AmeriFinancial Solutions, LLC



AFS℠
AMERIFINANCIAL SOLUTIONS, LLC

P.O. Box 65018
Baltimore, MD 21264-5018