IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IONIE HYLTON,** *ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED*, | : : : | **CIVIL ACTION** |
| *Plaintiff*, | : : | |
| v. | : : | No. 18-2206 |
| **AMERIFINANCIAL SOLUTIONS, LLC** d/b/a AFS et al., | : : : | |
| *Defendants*. | : | |

**MEMORANDUM**

PRATTER, J.                                                                 NOVEMBER 19, 2018

Ionie Hylton brings this action, on behalf of herself and others similarly situated, against AmeriFinancial Solutions, LLC, a third-party debt collection agency, under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et. seq.

Ms. Hylton alleges that AmeriFinancial attempted to collect a debt amount that exceeded the actual value of the debt owed, thereby violating three of the FDCPA's prohibitions: first, the prohibition on collecting any amount unless such amount is "permitted by law," 15 U.S.C. § 1692f(1); second, the prohibition on "the false representation of the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A); and third, the prohibition on "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," 15 U.S.C. § 1692e(10). AmeriFinancial moved to dismiss, arguing that it had no duty to independently confirm the validity of the debt at issue. Because

1

each of these provisions, as interpreted by the Third Circuit Court of Appeals, imposes strict liability, Ms. Hylton has adequately pleaded her claims, and the motion to dismiss is denied.

## BACKGROUND

After Ms. Hylton was injured in a car accident in August, 2017, she received medical services from a local medical group, for which she was charged $654. When Ms. Hylton failed to pay her outstanding medical bill, the debt was referred to debt collector AmeriFinancial, which sent an initial disclosure letter to Ms. Hylton seeking payment of the full $654.

Ms. Hylton alleges that AmeriFinancial improperly sought to collect the entire $654 instead of first applying a statutorily required reduction. She argues that Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL") limits liability for Pennsylvania insurance policy-holders who incur treatment costs as a result of a motor vehicle accident and that because she held a Pennsylvania automobile liability insurance policy, which included mandatory medical benefit coverage, under the MVFRL, AmeriFinancial could only collect a portion of the $654 balance rather than the whole amount. AmeriFinancial responds that it was permitted to rely on information provided by a creditor/client and was not mandated to engage in a pre-collection investigation of the debt.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "to give the defendant fair notice of what the claim is and the grounds upon which it rests," the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations, quotations, and alteration omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555 (citation omitted). The question is not whether the claimant "will ultimately prevail on his . . . claim, but whether his complaint [is] sufficient to cross the federal court's threshold." Skinner v. Switzer, 562 U.S. 521, 530 (2011) (citations and quotation omitted). Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." W. Pa. Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010) (citations omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. The Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); see also Twombly, 550 U.S. at 555 (quotation and citation omitted) (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"). Also, the Court must "accept as true" all reasonable inferences emanating from the allegations, and view those facts and inferences "in the light most favorable to the non-moving party." Rocks v. City of Phila., 868 F.2d 644, 645 (3d Cir. 1989) (citation omitted); see also Revell v. Port Auth., 598 F.3d 128, 134 (3d Cir. 2010).

The Court need not ignore or discount reality, however. The Court may discount "unsupported conclusions and unwarranted inferences," Doug Grant, Inc. v. Greate Bay Casino

3

Corp., 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and quotation omitted), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions"). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. Cty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).

## DISCUSSION

Here, Ms. Hylton alleges, with specificity, that AmeriFinancial attempted to collect a debt from Ms. Hylton without reducing the amount owed to account for the MVFRL. See Compl. ¶ 22–24, 30–32. This alone is sufficient to state a claim under the strict liability provisions of the FDCPA, which "impos[e] liability without proof of an intentional violation." Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011); see also Glover v. FDIC, 698 F.3d 139, 149 (3d Cir. 2012) (quotations omitted) ("The FDCPA is generally characterized as a strict liability statute because it imposes liability without proof of an intentional violation.").

Like the FDCPA generally, the at issue sections here, namely § 1692f(1), § 1692e(2)(A) and § 1692e(10), "impose[] strict liability on debt collectors[.]" Kaymark v. Bank of Am., N.A., 783 F.3d 168, 174 (3d Cir. 2015); see also Allen, 629 F.3d at 368. Nothing in the text of any of these provisions imposes a *mens rea* requirement.[1] Instead, each requires only that the at-issue

---

[1] § 1692f(1) prohibits "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

4

debt be falsely represented (in the case of § 1692e(2) and (10)) or not permitted by law (in the case of § 1692f(1)). It is immaterial whether AmeriFinancial reasonably relied on a belief that the debt amount was accurate. These provisions create "a straightforward, objective standard. Nothing suggests that an allowance is to be made for a defendant's lack of knowledge or intent." Glover, 698 F.3d at 149 (discussing §1692e(2)(A)); see also Allen, 629 F.3d at 368 ("The only inquiry under [Section] 1692f(1) is whether the amount collected was expressly authorized by the agreement creating the debt or permitted by law.")

For comparison purposes, a separate provision of the FDCPA, not implicated in this case, *does* include *mens rea* language. 15 U.S.C. § 1692e(8) prohibits "[c]ommunicating or threatening to communicate to any person credit information *which is known or which should be known to be false*, including the failure to communicate that a disputed debt is disputed." (emphasis added). "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Hanif v. Attorney Gen. of U.S., 694 F.3d 479, 486 (3d Cir. 2012) (citation omitted). The inclusion of *mens rea* language in § 1692e(8) and exclusion of similar language from the provisions at issue here further confirms that Ms. Hylton was not required to plead a knowing violation by AmeriFinancial.

AmeriFinancial ignores Third Circuit Court of Appeals authority and the plain text of the governing statute, instead taking the directly contrary position that, as a third-party debt collector, AmeriFinancial was under no obligation to independently confirm that Ms. Hylton in

---

§ 1692e(2)(A) prohibits "The false representation of . . . the character, amount, or legal status of any debt."

§ 1692e(10) prohibits "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

fact owed the amount to be collected. This reading of the statute would impose a *mens rea* requirement onto FDCPA violations, even though the Court of Appeals has held that no such requirement exists.

Even setting aside AmeriFinancial's binding-precedent problem, the motion to dismiss also misinterprets or misconstrues the decisions on which it relies. This Court's decision in Yentin v. Michaels, Louis & Associates, Inc., No. 11-0088, 2011 WL 4104675, (E.D. Pa. Sept. 15, 2011), only discussed debt collectors' lack of a duty to independently investigate debts in the context of a plaintiff's self-stylized claim for a breach of the "duty to investigate." Id. at *9. Ms. Hylton makes no such claim here. But in Yentin, with respect to the plaintiff's claims for misrepresentation of the character of the debt under § 1692e(2)(A), the Court held that the provision "imposes liability regardless of knowledge or intent." Id. at *13; see also id. at * 17 ("[A] plaintiff may state a claim under § 1692e(2)(A) merely by alleging that a defendant debt collector misstated a material fact regarding the character, amount, or legal status of any debt in connection with the collection of that debt without averring any intent or awareness on the part of the defendant."). The Court added that "where the language (and possibly, the logic) of the FDCPA are silent as to intent, the Act imposes strict liability." Id. at *14.

Looking outside of this Court, Ahmed v. I.C. Systems, Inc., No. 05-944, 2005 WL 3533111, *5 (W.D. Pa. Dec.20, 2005), is similarly inapposite. Ahmed involved an alleged violation of § 1692e(8), the FDCPA provision that, unlike the provisions at issue in this case, explicitly includes *mens rea* language. Further, Ahmed and another case cited by AmeriFinancial, Jacques v. Solomon & Solomon, P.C., 886 F. Supp. 2d 429, 433 (D.Del. 2012), rely on the proposition that a consumer must first dispute the validity of a debt before making a claim under the FDCPA (thereby transferring the burden to validate a debt from defendants to

6

plaintiffs). Since Ahmed and Jacques were decided (neither in this district), the Third Circuit Court of Appeals explicitly rejected that disputing a charge is a prerequisite to filing suit. See McLaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d 240, 247–48 (3d Cir. 2014) ("[A] consumer is not required to seek validation of a debt he or she believes is inaccurately described in a debt communication as a prerequisite to filing suit under § 1692e.").[2]

AmeriFinancial finally attempts to compare this case to Farren v. RJM Acquisition Funding, LLC, No. 04-995, 2005 WL 1799413 (E.D. Pa. July 26, 2005), in which this Court granted summary judgment for a defendant who was accused of improperly sending a debt collection notice to a plaintiff whose identity had been stolen. Farren is distinguishable.[3] First,

---

[2] At oral argument, counsel for AmeriFinancial also argued that McLaughlin stands for the proposition that the FDCPA only prevents debt collectors from adding fees on top of the debt amount referred for collection. According to counsel, a debtor can, without violating the FDCPA, attempt to collect an amount referred for collection—even if that amount is not in fact owed—so long as the debt collector does not add fees in addition to the amount referred for collection. McLaughlin does not create any such rule, explicitly or implicitly; rather, because the only portion of the debt that was disputed was the debt collector's addition of two fees on top of an owing debt, see 756 F.3d at 243, the court said that the debt collector could not escape liability by arguing that these two amounts were estimates rather than actual statements of an amount due and owing. Id. at 246. The court in McLaughlin did not have any reason to address the circumstance in which a debt collector improperly relies on the amount referred for collection, and the law in this Circuit is settled that, under the FDCPA, "[n]othing suggests that an allowance is to be made for a defendant's lack of knowledge or intent" in collecting a debt. Glover, 698 F.3d at 149; see also Guevara v. Constar Fin. Servs., LLC, No. 17-2282, 2018 WL 2981274, at *3 (M.D. Pa. June 14, 2018) (rejecting defendant's argument that "if the amount stated in the letter was incorrect it was entitled to rely on the information provided by the creditor and did not need to conduct an independent investigation of the amount due").

[3] AmeriFinancial's reliance on other out of circuit cases is equally unavailing. Vangorden v. Second Round Limited Partnership, No. 16-6227, 2017 WL 4350438 (E.D.N.Y. June 20, 2017), was reversed by the Second Circuit in July. See Vangorden v. Second Round, Ltd. P'ship, 897 F.3d 433, 438 (2d Cir. 2018) ("[B]ecause the June Letter, after allegedly misstating Vangorden's Debt obligation, requested payment of the Debt, we conclude that Vangorden has plausibly alleged that Second Round both used a 'false representation' in a debt collection effort in violation of § 1692e(10), and attempted to collect a debt amount not 'expressly authorized by

7

the facts are clearly distinct; here, there is no question as to *who* owed the debt, rather the question is whether AmeriFinancial should have known the *amount* of the debt. Second, as a summary judgment decision, Farren's holding acknowledged that the FDCPA imposes strict liability and was expressly based on a lack of *evidence* showing falsity. See id. at *9 ("The FDCPA is a strict liability statute, but that does not alter the plain meaning of the predicate in the statute which requires a 'false representation.' In this case, there is *no evidence* to show that [defendant], when it communicated with [plaintiff], Experian, or Trans Union, was aware that the debt did not belong to [plaintiff].") (emphasis added).

Further, although Farren did not explicitly apply the FDCPA's safe harbor affirmative defense for bona fide errors, 15 U.S.C. § 1692k(c), the Court's analysis effectively reflected the spirit of the provision.[4] Here, because this case is at the motion to dismiss stage, the Court need not consider whether there is evidence of falsity or whether the bona fide error affirmative defense applies under § 1692k(c). Ms. Hylton alleges that AmeriFinancial sought to collect an amount in excess of what was owed, thereby making AmeriFinancial's collection notice false

---

the agreement creating the debt or permitted by law' in violation of § 1692f(1)."). Cornette v. I.C. Systems, Inc., 280 F. Supp. 3d 1362 (S.D. Fla. 2017), refused to interpret the FDCPA as a strict liability statute, id. at 1370, placing it in direct conflict with the law of this Circuit. Lastly, the language quoted by AmeriFinancial from Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162 (9th Cir. 2006), relates to actions under the FDCPA for failure to verify a debt after a debtor disputes the debt. See § 1692g. With respect to § 1692e, one of the provisions at issue here, the Ninth Circuit held that "§ 1692e applies even when a false representation was unintentional." Id. at 1176–77. The same is true of the language AmeriFinancial quoted from Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004). Randolph makes clear that § 1692e "creates a strict-liability rule. Debt collectors may not make false claims, period." Id. at 730.

[4] The section reads: "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." § 1692k(c). The Court takes no position on whether the bona fide error defense may or may not apply at a later stage of these proceedings.

and in violation of the MVPRL. See Compl. ¶ 36. That alone is sufficient to plead a violation of the FDCPA provisions at issue here, as construed by the Third Circuit Court of Appeals.

## CONCLUSION

The FDCPA imposes strict liability unless a provision of the statute specifically includes an intentionality requirement; none of the provisions at issue here include *mens rea* language. AmeriFinancial's argument, in effect, writes a check that the case law does not allow the company to cash. The motion to dismiss is denied.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE